No. 697
COLEMAN et v. La BOUNTY AMUSEMENT CO.
Ohio Appeals, 6th Dist., Lucas Co.
No. 1552. Decided June 8, 1925

891. PARTNERSHIP—In order to have one, relation of principal and agent in the business must be sustained by each party.

2. The receipt of its use by a pavilion owner, of one-half of the gross receipts, does not constitute.

WILLIAMS, J.

John Coleman brought his action in the Lucas Common Pleas against the La Bounty Amusement Co. to recover for music furnished by his orchestra, in the dance hall situated on the company's premises.

It seems that the dancing pavilion was leased to Bertha Stoiber by the Amusement Co. which was to receive one half of the proceeds of the sale of all tickets. Stoiber hired Coleman's orchestra, making certain agreements as to the period of hire, salary and etc. In the original agreement between Stoiber and the Amusement Co. it was stipulated that the cleaning, repairing, of windows, floor, etc., should be taken care of by Stoiber. On trial judgment was rendered in favor of the La Bounty Amusement Co.

Error was prosecuted and Coleman contended that the Amusement Co. owed for the music furnished by his orchestra, by reason of the fact, that, during the time the music was furnished, both it and Stoiber were operating the dancing pavilion as partners, and that as a partner the company was liable for the partnership debts. The Court of Appeals held:

1. The true test of partnership is the fact that the alleged partners were carrying on a joint business under such circumstances that they sustained the relation of being each principal and agent in the business.

2. In the instant case, the Amusement Co. had no power whatever to manage the business

carried on at the dancing pavilion or direct or control it in any way either as principal or agent.

3. The control of the dance pavilion was wholly within Stoiber's control, she to manage it as she saw fit, provided the requirements of the contract were met with.

4. The arrangement between Stoiber and the Amusement Co. falls short of a partnership. There was no sharing of profits and losses; the half of the gross receipts being paid merely for the use of the pavillion and could be properly treated as rental.

5. The undisputed fact that Coleman furnished the music in question with the understanding that the Amusement Co. had nothing to do with the hiring of anyone to play at its dance pavilion, and that he would have to look to Stoiber to make such a contract, does makes her alone liable. Judgment of Common Pleas affirmed.

Attorneys—John Kerins for Coleman; Chester A. Meck for Amusement Co.; both of Toledo.